IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTOPHER L. HAMES, SR. § § § § § § § § § § | |
| Plaintiff, | |
| v. | No. 3:20-cv-01467-G (BT) |
| PAMELA THIELKE, et al. | |
| Defendants. | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff Christopher L. Hames, Sr. ("Hames") is a Texas state prisoner who filed this 42 U.S.C. § 1983 civil rights case against various defendants relating to his alleged exposure to COVID-19 while in the Dallas County Jail. The Court granted Hames leave to proceed *in forma pauperis* but withheld issuing service pending judicial screening. *See* (ECF No. 10). Since filing the original complaint, Hames has filed three amended complaints. *See* (ECF Nos. 5, 6, and 9). For the following reasons, the Court should construe Hames's third and fourth amended complaints (ECF Nos. 6 and 9) as motions for leave to amend and deny the same as futile, dismiss Hames's civil rights claims under 28 U.S.C. §§ 1915A and 1915(e)(2)(B), and open a new case for his habeas claims seeking release from confinement.

## Background

Though, as explained below, the Court treats Hames's first amended complaint as the operative pleading for screening purposes, he makes similar allegations in all his pleadings. He alleges as follows:

After he was arrested for a DWI while on parole, Hames was transferred to the Dallas County Jail where his "parole hold" made it impossible for him to make bail. *See* (ECF No. 3 at 4). As of February-March 2020, COVID-19 was present in the Dallas County Jail. (*Id.*) Hames is at high risk for COVID-19 contraction because he is 43 years old and suffers from Crohn's disease, schizoaffective disorder, essential primary hypertension, severe major depressive disorder, borderline diabetes, and high blood pressure. *See* (ECF No. 5 at 4). And indeed, Hames contracted COVID-19 in May 2020. *See* (ECF No. 3 at 4). Hames appears to claim, generally, that Defendants violated his constitutional rights by detaining him in conditions that put him at a substantial risk of harm due to COVID-19.

As for relief, he seeks only release from confinement. *See generally* (ECF Nos. 3, 5, 6, 9). He argues that the "only adequate relief is my release from confinement" because sufficient protective measures are difficult, if not impossible, to implement in a prison environment. *See* (ECF No. 6 at 4). He requests, in each complaint, an order requiring the TDCJ-Parole Division, TDCJ-CID, and the Board of Pardons and Parole to release him

2

and refrain from "re-detaining" him for the pendency of his "conviction/sentence proceedings." (ECF No. 5 at 4); *see also* (ECF No. 3 at 4; ECF No. 6 at 4; ECF No. 9 at 4).

## Legal Standards

Hames's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

Hames has, to date, filed four complaints. Under Federal Rule of Civil Procedure 15, a party may amend only once as a matter of course. *See* FED. R. CIV. P. 15(a)(1).[1] So here, the Court treats Hames's first amended complaint as the operative complaint for screening purposes. As for the third and fourth amended complaints, the Court construes these filings as motions for leave to amend. *See Johnson v. Epps*, 479 F. App'x 583, 588 (5th Cir. 2012) (noting that filings of *pro se* litigant must be construed liberally, and, so construed, the litigant's "response" to an omnibus order, memorandum opposing summary judgment, and objections to the report and recommendation should have been construed as motions for leave to amend). Leave to amend "is by no means automatic" and is "entrusted to the sound discretion of the district court." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1988)). But Rule 15(a) does require that

---

[1] There are time limits for the amendment allowed as a matter of course. *See id.* (noting that a party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.). Hames's first amended complaint is timely.

4

leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). The district court "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones*, 427 F.3d at 994 (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

Here, should the Court agree to construe Hames's third and fourth amended complaints (ECF Nos. 6, 9) as motions for leave to amend, they should be denied as futile: like the original and first amended complaint, these complaints only seek a release from confinement, which, as discussed more below, puts them squarely in the purview of habeas.

Turning to an analysis of the operative complaint, Hames presented his claims using a prisoner civil rights complaint form. Presumably, he seeks relief under 42 U.S.C. § 1983. But the relief Hames seeks is simply to be released from prison. *See* (ECF 5 at 4) ("I bring my claim under 28 [sic] U.S.C. § 1983 seeking immediate release from confinement . . . ").

To the extent Hames seeks release from TDCJ custody, a "§ 1983 action is not the appropriate means for obtaining such relief." *Fairchild v. McDnough*, 2021 WL 1216480, at *2 (N.D. Tex. Mar. 8, 2021), *rep. and rec. adopted*, 2021 WL 1212799 (N.D. Tex. Mar. 30, 2021) (citing *Wolff v.*

5

*McDonnell*, 418 U.S. 539, 54 (1974) (distinguishing between habeas corpus and § 1983 suits)). "[Section] 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures," while "[a] habeas petition . . . is the proper vehicle to seek release from custody." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *see also Whitfield v. Bd. of Pardons & Paroles*, 2011 WL 5986013, at *2 (N.D. Tex. Sept. 14, 2011) ("A prisoner cannot challenge the fact or duration of confinement in a § 1983 action.") (citing, in turn, *Clarke v. Stadler*, 154 F.3d 186, 189 (5th Cir. 1998)), *rep. and rec. adopted* 2011 WL 5980038 (N.D. Tex. Nov. 30, 2011); *Lewis v. Meier*, 2002 WL 31156668, at *2 (N.D. Tex. Sept. 24, 2002) (finding that plaintiff's request for release from jail was "an inappropriate remedy in an action brought pursuant to 42 U.S.C. § 1983")). Further, when a prisoner brings "both habeas and § 1983 claims," the court must "'separate the claims and decide the § 1983 claims.'" *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam)).

      Here, as the only relief that Hames seeks is release from prison, any § 1983 claims that he might be raising should be dismissed with prejudice, and Hames's habeas claims should be severed from this civil rights action. The Clerk of Court should be directed to open a new habeas case pursuant to 28 U.S.C. 2254 (nature of suit 530), for the now-severed claims and file a copy of this order in that case.

As noted, the first amended complaint—ECF No. 5—is the operative complaint that should be docketed in the new case. Finally, the new case should be assigned to the same District Judge and Magistrate Judge as this civil rights case, and all future pleadings related to the severed habeas matter should be filed in the new case.

## Conclusion

The Court recommends that Hames's third and fourth amended complaints (ECF Nos. 6, 9) be construed as motions for leave to amend and denied as futile, that Hames's habeas claims be severed from his civil rights claims filed under § 1983, and that his civil rights claims be dismissed under 28 U.S.C. §§ 1915A and 1915(e)(2)(B). The Court further recommends that the Clerk of Court be directed to open a new habeas case pursuant to 28 U.S.C. § 2254 (nature of suit 530), for the now-severed claims and file a copy of this order in that case. The operative complaint (ECF No. 5) should be docketed in the new case, and the new case should be assigned to the same District Judge and Magistrate Judge as the instant civil rights case. All future pleadings related to the severed habeas matter should be filed in the new case.

Signed June 30, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).